# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LUZ MARIA DE LA CRUZ, on behalf of herself
and all others similarly situated,

                    Plaintiff(s),


                    -against-

FINANCIAL RECOVERY SERVICES, INC.; and
JOHN DOES 1-25,

                    Defendant(s).

Civil Case Number: _____


## CIVIL ACTION

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, LUZ MARIA DE LA CRUZ, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, FINANCIAL RECOVERY SERVICES, INC. ("FINANCIAL RECOVERY"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Bronx County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      FINANCIAL RECOVERY maintains a location at 4510 W. 77th Street, Suite 200, Edina, Minnesota 55435.

8.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York

consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New York City consumers who were sent letters and/or notices from FINANCIAL RECOVERY concerning a debt owned by CAVALRY SPV I, LLC ("CAVALRY"), which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq.*

  b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to November 16, 2017, Plaintiff allegedly incurred a financial obligation to CITIBANK, N.A. ("CITIBANK").

16.     The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     Plaintiff incurred the CITIBANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18.     Plaintiff did not incur the CITIBANK obligation for business purposes.

19.     The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     At some time prior to November 16, 2017, the CITIBANK obligation was purchased by and/or sold to CAVALRY.

22.     At the time the CITIBANK obligation was purchased by and/or sold to CAVALRY, the obligation was in default.

23.     On or before November 16, 2017, CAVALRY referred the CITIBANK obligation to FINANCIAL RECOVERY for the purpose of collections.

24.     At the time CAVALRY referred the CITIBANK obligation to FINANCIAL RECOVERY, the obligation was past due.

25.     At the time CAVALRY referred the CITIBANK obligation to FINANCIAL RECOVERY, the obligation was in default.

26.     Defendant caused to be delivered to Plaintiff a letter dated November 16, 2017, which was addressed to Plaintiff.  **Exhibit A,** which is fully incorporated herein by reference.

27.     The November 16, 2017 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

28.     The November 16, 2017 letter is a "communication" as defined by 15 U.S.C. §

1692a(2).

29.     The November 16, 2017 letter is the initial written communication sent from

Defendant to the Plaintiff.

30.     Upon receipt, Plaintiff read the November 16, 2017 letter.

31.     The November 16, 2017 letter provided the following information regarding the

CITIBANK obligation:

Current Creditor:        CAVALRY SPV I, LLC
Original Creditor:        CITIBANK, N.A.
Regarding:               CITIBANK, N.A.
Current Account Number:      xxxxxxxxxxxx3064
Charge-Off Date:         03/13/17
Amount Due as of Charge-Off:  $2261.34
Amount Paid Since Charge-Off Date:  $0.00

**NY State Required Itemizations**
Interest Accrued Since Charge-Off:   $0.00
Non-Interest Charges or Fees Since Charge-Off:      $0.00
Post Charge-Off Credits:        $0.00
Balance Due:  $2222.67
FRS File Number: RFU862
Online Pin Number: 40897706

32.     The November 16, 2017 letter stated in part:

As of the date of this notice you owe $2,222.67.

33.     FINANCIAL RECOVERY did not provide any information regarding the rate of

interest, the nature of the other charges, how any such charges would be calculated or what

portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

34.     The total balance alleged to be due on the CITIBANK obligation did not increase

since the CITIBANK obligation was charged-off.

35.     CITIBANK never authorized FINANCIAL RECOVERY to charge or add interest to the balance of the CITIBANK obligation.

36.     CITIBANK never authorized CAVALRY to charge or add interest to the balance of the CITIBANK obligation.

37.     CITIBANK never authorized FINANCIAL RECOVERY to add interest or other charges to the balance of the CITIBANK obligation.

38.     CITIBANK never authorized CAVALRY to add interest or other charges to the balance of the CITIBANK obligation.

39.     As some time prior to November 16, 2017, CITIBANK ceased charging or adding interest to the balance of the CITIBANK obligation.

40.     As some time prior to November 16, 2017, CITIBANK ceased adding interest or other charges to the balance of the CITIBANK obligation.

41.     By presenting the balance due as a dynamic balance when in fact it was static, Defendant violated the FDCPA. *Islam v. Am. Recovery Serv.*, 2017 U.S. Dist. LEXIS 180415 (E.D.N.Y. Oct. 31, 2017).


**POLICIES AND PRACTICES COMPLAINED OF**

42.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;
>
> (c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)     Making a false representation of the character, amount legal status of the debt.

43.     On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New York City within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

44.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46.     Defendant's November 16, 2017 letter would lead the least sophisticated consumer to believe that Defendant stated that the amount due could increase due to additional interest or other charges.

47.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

48.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the CITIBANK obligation could increase.

49.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the CITIBANK obligation could increase due to interest or other charges.

50.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CITIBANK obligation could increase.

51.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CITIBANK obligation could increase due to interest or other charges.

52.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the CITIBANK obligation could increase due to interest or other charges.

53.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

54.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

55.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest or other charges.

56.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

57.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

58.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

59.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges or other charges.

60.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest or other charges.

61.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest or other charges.

62.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

63.     Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

64.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest or other charges when in fact the amount due would not and did not increase.

65.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66.     Defendants violated 15 U.S.C. § 1692e(10) by implying that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

67.     Defendants' implication that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to:   15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq.*

68.     Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

69.     Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

70.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

71.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

72.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

73.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

74.     Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

75.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

76.     Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)      Awarding post-judgment interest.

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 20, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

 **FRS**

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
Minneapolis, MN 55438-5908
952-831-4800

November 16, 2017

LUZ M RIVERA

## Important Message

Current Creditor: CAVALRY SPV I, LLC
Original Creditor: CITIBANK, N.A.
Regarding: CITIBANK, N.A.
Current Account Number: XXXX3064
Charge-Off Date: 03/13/17
Amount Due as of Charge-Off: $2261.34
Amount Paid Since Charge-Off Date: $0.00

**NY State Required Itemizations**
Interest Accrued Since Charge-Off: $0.00
Non-Interest Charges or Fees Since Charge-Off: $0.00
Post Charge-Off Credits: $0.00
Balance Due: $2222.67
FRS File Number:
Online Pin Number:

As of the date of this notice you owe $2,222.67. We are required by New York state law to provide you the disclosures following this paragraph. Nothing herein affects your rights set forth in other correspondence from our office. We are now accepting reduced settlements and payment plans. In some cases, settlements can be setup for a period or twelve (12) or more payments to help you get it resolved and keep it in your budget. Please feel free to call us at the toll free number listed below or use our online consumer help desk. FRS now accepts some forms of payment online at www.fin-rec.com. See your online access PIN above.

**In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: i) the use or threat of violence; ii) the use of obscene or profane language; and iii) repeated phone calls made with the intent to annoy, abuse, or harass.**

**If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:**

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Sincerely,

MBER KOSKI
count Manager
ll Free: 1-866-418-9057

## Take advantage of any of our several payment options:

| Mail: ✉ | Call: ☎ | Online: 🖥 |
|---|---|---|
| **Mail checks and payments to:** | **Call Toll-Free at:** | **Pay us online at:** |
| FINANCIAL RECOVERY SERVICES, INC. | **1-866-418-9057** | **www.fin-rec.com** |
| P.O. BOX 385908 | To discuss payment arrangements |   |
| Minneapolis, MN 55438-5908 | | |