UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUZ MARIA DE LA CRUZ, on behalf of
herself and all others similarly situated,

                Plaintiff,

- against -

FINANCIAL RECOVERY SERVICES,
INC.; and JOHN DOES 1-25

                Defendant.

**ORDER**

17 Civ. 9931 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Maria De La Cruz, on behalf of herself and all others similarly situated, brings this class action complaint against Defendant Financial Recovery Services, Inc. ("Financial Recovery"), a debt collection agency.[1] Plaintiff alleges that Financial Recovery violated the Fair Debt Collection Practices Act ("FDCPA") by sending her – in connection with a debt upon which Financial Recovery sought to collect – a letter that misleadingly presented the balance Plaintiff owed as "dynamic" rather than "static." (See Cmplt. (Dkt. No. 4) ¶¶ 27-31, 41) Plaintiff further alleges that it is Defendant's policy and practice to send such letters to New York consumers. (Id. ¶ 42)

        Defendant Financial Recovery has moved to dismiss under Fed. R. Civ. P. 12(b)(6). (Mot. (Dkt. No. 17)) For the reasons stated below, Defendant's motion to dismiss will be granted.

---

[1] Plaintiff also names John Does 1-25 as Defendants.

## BACKGROUND[2]

Plaintiff Luz Maria De La Cruz lives in the Bronx, New York. She incurred a debt to Citibank, N.A. at some point before March 13, 2017. (Cmplt. (Dkt. No. 4) ¶¶ 6, 15, 31) Plaintiff defaulted on the debt. On March 13, 2017, Citibank charged off the debt, and the bank subsequently sold the debt to Cavalry SPV I, LLC ("Cavalry"). (Id. ¶¶ 21-22, 31) Citibank did not authorize Cavalry to charge interest or to add interest or other charges to the balance Plaintiff owed. (Id. ¶¶ 36, 38) Cavalry referred the debt to Financial Recovery for collection. (Id. ¶ 23) Citibank did not authorize Financial Recovery to charge interest or to add interest or other charges to the balance Plaintiff owed. (Id. ¶¶ 35, 37)

Plaintiff received a November 16, 2017 letter from Financial Recovery in connection with Financial Recovery's debt collection efforts. She read the letter upon receipt. (Id. ¶¶ 26-27, 30) The top, right-hand corner of the letter contains a heading stating "Important Message." Under that heading, the following information appears:

> Current Creditor: CAVALRY SPV I, LLC
> Original Creditor: CITIBANK, N.A.
> Regarding: CITIBANK, N.A.
> Current Account Number: XXXXXXXXXXXX3064
> Charge-Off Date: 03/13/17
> Amount Due as of Charge-Off: $2261.34
> Amount Paid Since Charge-Off Date: $0.00
>
> **NY State Required Itemizations**
>
> Interest Accrued Since Charge-Off: $0.00
> Non-Interest Charges or Fees Since Charge-Off: $0.00
> Post Charge-Off Credits: $0.00
> Balance Due: $ 2222.67
> FRS File Number: [Redacted]
> Online Pin Number: [Redacted]

---

[2] The following facts are drawn from the Complaint and are presumed true for purposes of resolving Defendant's motion to dismiss. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

(Id. ¶ 31; Ex. A (Nov. 16, 2017 Letter)).

The text of the November 16, 2017 letter states that "[a]s of the date of this notice you owe $ 2,222.67."[3] (Id. ¶ 32; Ex. A). The letter "did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflect[ed] already accrued interest, late charges or other charges." (Id. ¶ 33)

According to Plaintiff, it is Financial Recovery's policy and practice to send collection letters in the form of the November 16, 2017 letter sent to Plaintiff. (Id. ¶ 42). During the year before Plaintiff filed the Complaint, Financial Recovery has sent such letters to at least fifty individuals in New York City. (Id. ¶ 43)

The Complaint was filed on December 20, 2017, as a putative state-wide class action pursuant to Fed. R. Civ. P. 23. The putative class is "[a]ll New York City consumers who were sent letters and/or notices from Financial Recovery concerning a debt owned by Cavalry SPC I, LLC . . . which included the alleged conduct and practices described herein" within the preceding year. (Id. ¶ 12) Plaintiff claims that Financial Recovery's debt collection notices violate FDCPA Sections 1692e(2)(A), (5), and (10), and Section 1692f by implying that the amount Plaintiff owes could increase due to interest, late charges, or other charges, when that amount would not and did not increase. (Id. ¶¶ 58-69) These provisions make it unlawful to (1) make false representations of the character, amount, or legal status of a debt; (2) threaten to take action the debt collector cannot legally take or does not intend to take; (3) use false

---

[3] The record contains no explanation as to why the amount due as of the date of the collection notice is lower than the amount due as of the charge-off date.

3

representations or deceptive means to collect a debt; or (4) use unfair or unconscionable means to collect a debt.[4]

Financial Recovery has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that this action is foreclosed by Taylor v. Financial Recovery Services, Inc., 886 F.3d 212 (2d Cir. 2018). (See Mot. (Dkt. No. 17)); Def. Br. (Dkt. No. 18)) Plaintiff contends that Taylor "has no bearing on [her] FDCPA claims." (Pltf. Opp. Br. (Dkt. No. 20) at 9)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). These factual allegations must be "'sufficient to raise a right to relief above the speculative level.'" Rahman v. Fisher, 607 F. Supp. 2d 580, 584 (S.D.N.Y. 2009) (quoting ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)). "In considering a motion to dismiss . . . , the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all

---

[4] 15 U.S.C. § 1692e generally prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "false[ly] present[ing] . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); and "us[ing] . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10). 15 U.S.C. § 1692f generally prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

4

reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff['s] . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citation omitted).

### B.   Standard for Liability Under the FDCPA

Because "the FDCPA is 'primarily a consumer protection statute,'" Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016) (quoting Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 95 (2d Cir. 2008)), courts "must construe its terms 'in liberal fashion [to achieve] the underlying Congressional purpose.'" Id. (quoting Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013)). The stated statutory purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

"'In evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the "least sophisticated consumer" would be deceived by the collection practice.'"[5] Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 252 (S.D.N.Y.

---

[5] "Where, as here, an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage." Dick v. Enhanced Recovery Co., LLC, No. 15 Civ. 2631 (RRM) (SMG), 2016 WL 5678556, at *3 (E.D.N.Y. Sept. 28, 2016) (citing Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 366 (2d Cir. 2005); Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 296, 311 (2d Cir. 2003); Avila v. Reixinger &

5

2011) (quoting Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 236 (2d Cir. 1998)). "The purpose of the least-sophisticated-consumer standard . . . is to ensure that the statute protects the gullible as well as the shrewd," Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)), and when applying the test, courts consider "'how the least sophisticated consumer – one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer – would understand the collection notice.'" Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 214 (2d Cir. 2018) (quoting Avila v. Riexinger & Associates, LLC, 817 F.3d 72, 75 (2d Cir. 2016)).

In determining whether debt collectors have violated the "least sophisticated consumer" standard, however, courts are not to apply "unreasonable constructions of their communications." Jacobson, 516 F.3d at 90 (quoting Clomon, 988 F.2d at 1320). Moreover, the statute "does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" Id. (quoting Clomon, 988 F.2d at 1320). "'[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (quoting Greco, 412 F.3d at 363) (internal quotation marks omitted).

---

Assocs., LLC, No. 13 Civ. 4249 (RJD), 2015 WL 1731542, at *3 (E.D.N.Y. Apr. 14, 2015)); see also Beauchamp v. Fin. Recovery Servs., Inc., No. 10 Civ. 4864 (SAS), 2011 WL 891320, at *2 n.18 (S.D.N.Y. Mar. 14, 2011) ("[T]he trend in the Second Circuit is to treat [the least-sophisticated-consumer standard] as a matter of law that can be resolved on a motion to dismiss." (citing Christian Stueben, Judge or Jury? Determining Deception or Misrepresentation Under the Fair Debt Collection Practices Act, 78 Fordham L. Rev. 3107, 3133 n.236, 3135-37 (2010) (collecting cases)); Moukengeschaie v. Eltman, Eltman & Cooper, P.C., No. 14 Civ. 7539 (MKB), 2016 WL 1274541, at *4 (E.D.N.Y. Mar. 31, 2016) (same); Ghulyani v. Stephens & Michaels Assocs., Inc., No. 15 Civ. 5191 (SAS), 2015 WL 6503849, at *2 n.17 (S.D.N.Y. Oct. 26, 2015) (same).

Under this standard, "'a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate.'" Taylor, 886 F.3d at 214 (quoting Avila, 817 F.3d at 75); see also Reutlinger v. Fin. Recovery Servs., No. 15 Civ. 2942 (LDW), 2016 U.S. Dist. LEXIS 73257, at *4 (E.D.N.Y. May 31, 2016) ("A debt collection notice is violative 'if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.'"[6] (quoting Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998)).

## II. ANALYSIS

Defendant Financial Recovery contends that Plaintiff's claims fail as a matter of law because Financial Recovery's letter would not make even the least sophisticated consumer believe that her debt was subject to increase. (Def. Br. (Dkt. No. 18) at 9-10) Citing Taylor v. Financial Recovery Services, Inc., 886 F.3d 212 (2d Cir. 2018), Defendant contends that "if the balance [of a debt] is static, there is no need to advise that fees and interest are not accruing." (Id. at 12).

Plaintiff argues that Defendant's reliance on Taylor is misguided, because "the procedural posture of Taylor was different, the facts of Taylor are different, [and] the arguments by the Taylor plaintiffs are different." (Pltf. Opp. Br. (Dkt. No. 20) at 5) Plaintiff contends that the instant case is controlled by Islam v. American Recovery Service, Inc., No. 17 Civ. 4228 (BMC), 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017), a decision that predates Taylor. (Pltf. Opp. Br. (Dkt. No. 20) at 5, 8)

---

[6] The term "validation information" refers to the information that a debt collector must initially provide to a consumer in attempting to collect a debt. See 15 U.S.C. § 1692g. Pursuant to Section 1692g, debt collectors are required to provide consumers with written notice of, inter alia, "the amount of the debt." Id.

7

### A. *Avila* and its Progeny

Because Islam and Taylor rest on interpretations of the Second Circuit's decision in Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016), it is useful to begin the discussion of case law precedent with Avila.

In Avila, the Second Circuit considered collection letters that stated a current balance owed, but which "did not disclose that the balance might increase due to interest and fees." One of the plaintiffs in Avila alleged that the interest on her debt "was accruing at a rate equivalent to 500% per year." Avila, 817 F.3d at 74. Plaintiffs argued that the collection letters were "misleading" within the meaning of 15 U.S.C.§ 1692e because they led recipients to believe that their current balances were "static" and that "their payment of that amount would satisfy [the debt] irrespective of when [the payment] was remitted." Id. (internal quotation marks and citation omitted). Posing the question presented as "whether the sending of a collection notice that states a consumer's 'current balance,' but does not disclose that the balance may increase due to interest and fees, is a 'false, misleading, or deceptive' practice prohibited by Section 1962e," the Second Circuit answered in the affirmative, and held that plaintiffs adequately stated a claim for relief. Id. at 75-76. The court reasoned that "the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account." The court's holding was thus intended to "protect[] consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." Id. at 76.

Avila addressed circumstances in which a consumer's debt was dynamic: plaintiffs alleged that interest was accruing on their debts, and defendant had not disclosed that

8

fact. Avila does not address collection letters where the consumers' debt is static – i.e., where the debt will not increase due to interest or other charges.

In Islam v. American Recovery Service, Inc., 2017 WL 4990570, the case upon which Plaintiff primarily relies, "[t]he complaint . . . s[ought] to extend Avila to cases where post-default charges are not accruing, but where the collection letter, by referencing the amount due 'as of the date of this letter,' arguably implies that they are." Islam, 2017 WL 4990570, at *1. The plaintiff in Islam had received a collection letter stating that

> "[a]s of the date above, you owe $14413.78." The letter then set forth a table identifying Bank of America as the "original creditor"; the "total amount of the debt due as of charge-off" as $14,413.78; the "total amount of interest accrued since charge off" as $0; and the "total amount of non-interest charges or fees accrued since charge-off" as $0. After this table, the letter again advised that "[t]he balance owed above reflects the total balance due <u>as of the date of this letter</u>. The itemization reflects the post charge-off activity we received from Bank of America."

Id. (emphases in Islam) (parenthetical omitted). Because "Bank of America has a policy of not accruing interest or fees once it charged off a bad debt, . . . no interest or expenses accrued after August 4, 2016, the date on which the account was put out for collection to [defendant American Recovery Service]." Id.

The Islam court concluded that "although [Avila] is factually distinguishable, its analytical framework dictates the result here": "[i]f a collection letter is ambiguous as to interest, Avila holds, then it violates § 1692e." Id. at *2. The Islam court went on to criticize Avila, lamenting that the decision "compels the conclusion that any ambiguity as to post-dated accruals in a collection notice gives rise to a claim under the general prohibition of § 1692e – even if the ambiguity does no harm or even inures to the benefit of the debtor." Id.

The Islam court's interpretation of Avila in the context of static debt was not universally adopted. Indeed, other courts in this Circuit rejected arguments – post-Avila – that a failure to disclose whether interest or other charges might increase a consumer's debt violated

9

the FDCPA, where there was no evidence that the consumer's debt had actually increased or would increase. See Dick v. Enhanced Recovery Co., LLC, No. 15 Civ. 2631 (RRM) (SMG), 2016 WL 5678556, at *3, *5 (E.D.N.Y. Sept. 28, 2016) (plaintiff argued that the statement "Non-interest Charges and Fees: $0.00" could "lead the least sophisticated consumer 'to believe that . . . he may be liable to such a fee in the future'"; court found that "[t]he key distinction [with Avila] is that Dick does not allege that 'non-interest charges and fees' were actually accruing . . . or that they were going to accrue. . . . The Second Circuit's holding in [Avila] – that it is misleading for a debt collector to list the amount owed without disclosing the fact that said amount is increasing – does not support Dick's argument that it is misleading to list the amount owed without affirmatively noting that the amount is not increasing." (emphasis in original)); Cruz v. Credit Control Servs., Inc., No. 2:17 Civ. 1994 (ADS) (GRB), 2017 WL 5195225, at *6 (E.D.N.Y. Nov. 8, 2017) (Avila "is inapplicable to the case at bar because . . . the Plaintiff failed to allege, as a matter of law, that Cruz's debt was accruing interest. . . . Given that the Court finds as a matter of law that there was no interest accruing at the time . . . there is certainly no requirement under the FDCPA for a superfluous disclosure that . . . Plaintiff's debt will not change in the future" (internal citations omitted)); Feldheim v. Fin. Recovery Servs., Inc., 257 F. Supp. 3d 361, 371 (S.D.N.Y. 2017) ("The Court disagrees with Plaintiff's characterization that the statement in the notice that '[a]s of the day of this notice you owe $4[,]414.61 deceptively and falsely implies that if . . . Plaintiff doesn't pay the amount demanded in full or accept one of the settlement offers then the amount to pay will be greater in the future. . . . Simply put, the language of the notice does not 'impl[y]' or 'purport' – deceptively or otherwise – that the balance Plaintiff owed would increase over time." (internal citations omitted)); see also Altieri v. Overton, Russel, Doerr, & Donavan, LLP, No. 17 Civ. 303 (TJM), 2017 WL 6543819, at *2 (N.D.N.Y. Dec. 20, 2017) ("contrary to the situation addressed in [Avila], the Overton Letter's

statement of the Amount Due is not false and would not mislead the least sophisticated consumer from the belief that, at the time, payment of the Amount Due would clear her account," where "Plaintiff does not allege that interest or other charges were in fact accruing on the . . . debt at the time the Overton Letter was sent or beyond, and the Amended Complaint does not assert a basis for the accrual of interest or fees").

### B. *Taylor*

In Taylor v. Financial Recovery Services, Inc., 886 F.3d 212, 213 (2d Cir. 2018), the Second Circuit addressed "whether it is misleading within the meaning of Section 1692e for a debt collection letter to state the amount of a debt without disclosing that the debt, which once accrued interest or fees, no longer does so." The Taylor plaintiffs – like Plaintiff De La Cruz – had defaulted on debt owed to their bank. The bank referred the debts to Financial Recovery for collection, and instructed Financial Recovery not to accrue interest or fees on the debts. Taylor, 886 F.3d at 213. Financial Recovery sent collection letters to consumers reflecting a "balance due." These collection letters did not address whether those balances were accruing interest or fees. Id. Plaintiffs contended that the notices were misleading, "because the least sophisticated consumer could have interpreted them to mean either that interest and fees on the debts in question were accruing or that they were not accruing. In effect, [plaintiffs argued] that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt." Id. at 214.

The Second Circuit rejected plaintiffs' argument. Addressing Avila, the court stated that in that case "we found a collection notice to be misleading because '[a] reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice,' whereas, in reality, such a payment would not settle the

11

debt." Id. (quoting Avila, 817 F.3d at 76). While the collection letters sent to the Taylor plaintiffs

> could likewise have been read to mean that prompt payment of the amounts stated would satisfy the debts in question[,] [t]he difference is that, while that message was prejudicially misleading on the facts of Avila, on the facts of this case it was accurate: prompt payment of the amounts stated in [the plaintiffs'] notices <u>would</u> have satisfied their debts.

Id. (emphasis in original).

The Taylor court acknowledged that "being informed that their debts were not accruing interest or fees could have been advantageous to [plaintiffs], as it would have alerted them to the fact that they could delay repayment without their debts increasing." Id. Conceivably, plaintiffs – if they mistakenly believed that their debts would increase because of interest or other charges or fees – might repay their debt sooner than would otherwise have been the case, and might choose to allocate funds towards paying off this static debt, when they might have been better off using the money to pay other expenses. But the Second Circuit concluded that "[t]his supposed harm falls short of the obvious danger facing consumers in Avila," and observed that "[i]t is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts." Id. Accordingly, the court held "that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." Id. at 215.

### C. **Application of *Taylor***

Here, the Complaint does not allege that the debt Plaintiff incurred with Citibank was accruing interest or other charges. To the contrary, the Complaint avers that "[t]he total balance alleged to be due on the CITIBANK obligation did not increase since the CITIBANK obligation was charged[] off." (Cmplt. (Dkt. No. 4) ¶ 34; see also id. ¶ 41 ("By presenting the balance due as a dynamic balance <u>when in fact it was static</u>, Defendant violated the FDCPA."

12

(emphasis added))) Because Plaintiff does not allege that interest or other charges were accruing on her account, Taylor forecloses Plaintiff's claim.

Plaintiff seeks to distinguish Taylor on a number of grounds, however. For example, Plaintiff points out that Taylor was decided on summary judgment, and that the Taylor court emphasized that "[d]uring discovery, [Financial Recovery had] produced unrebutted evidence that neither [of the plaintiffs'] debt had accrued interest or fees during the times those debts were placed with the company." Taylor, 886 F.3d at 213. Plaintiff argues that Financial Recovery "has not produced evidence that Plaintiff's '[ ] debt had [not] accrued interest or fees during the time that those debts were placed with' [Financial Recovery]," and that accordingly, Defendant's motion to dismiss should be denied. (Pltf. Opp. Br. (Dkt. No. 20) at 11) Plaintiff further argues that her "claims are **not** '[ ] that [Financial Recovery's] letter violates the FDCPA because it contains the word 'interest,'" but instead that Financial Recovery "violated the FDCPA because its debt collection letter misleads the least sophisticated consumer into thinking that the 'Balance Due' was static when, in reality, it may have been dynamic." (Pltf. Sur-Reply (Dkt. No. 24) at 1-2 (internal citations omitted) (emphasis in original))

On a motion to dismiss, however, the Court presumes that the facts alleged in the Complaint are true. See Kassner, 496 F.3d at 237. Here, the Complaint alleges that Plaintiff's debt was static, and was not dynamic. (Cmplt. (Dkt. No. 4) ¶¶ 34; 41, 67) In her effort to avoid the effect of Taylor and defeat Defendant's motion to dismiss, Plaintiff cannot assert facts that contradict those pled in the Complaint.

Plaintiff also points out that the collection letters in Taylor "did not contain either the[] 'Interest Accrued Since Charge-Off: $0.00' or 'Non-Interest Charges or Fees Since Charge-Off: $0.00' language" present in the collection letters at issue here. (See Pltf. Opp. Br. (Dkt. No. 20) at 11 (emphasis removed); Wolf Decl., Ex. A (collection letters) (Dkt. No. 21))

13

Plaintiff contends the "least sophisticated consumer" would understand this language to mean that "the balance set forth in [Financial Recovery's collection] letter is static. However, then she would read the[] 'As of the date of this notice you owe . . .' language, and think that the balance stated in the [Financial Recovery] letter was actually dynamic." (Pltf. Opp. Br. (Dkt. No. 20) at 11-12 (emphasis in original); see also Plft. Sur-Reply (Dkt. No. 24) at 2).

As an initial matter, the theory that Plaintiff now posits – that Defendant's collection letter is misleading because some language in the letter implies that the consumer debt is static, while other language implies that the debt is dynamic – is not pled in the Complaint. To the contrary, the Complaint repeatedly alleges that Defendant's collection letter violates the FDCPA because it "present[s] the balance due as a dynamic balance when in fact it was static." (Cmplt. (Dkt. No. 4) ¶ 41; see also, e.g., id. ¶ 67 ("Defendants' implication that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA.")) In sum, the Complaint does not plead the theory of misrepresentation that Plaintiff now argues.

Moreover, the same argument that Plaintiff makes now (see Pltf. Sur-Reply (Dkt. No. 24) at 2) was rejected in Taylor. The Taylor plaintiffs argued that the "the least sophisticated consumer could have interpreted [Financial Recovery's collection letters] to mean either that interest and fees on the debts in question were accruing or that they were not accruing." Taylor, 886 F.3d at 214. The Second Circuit found no FDCPA violation, however, even though it acknowledged that the "[a]s of the date of this notice you owe . . ." language in Financial Recovery's collection letter might lead a debtor to "mistakenly believ[e] that interest or fees are accruing on a debt." Taylor, 886 F.3d at 214. The court concluded that any such confusion was not misleading within the meaning of Section 1692e where no interest or fees were in fact accruing, because of the limited nature of the harm that could result from such

14

confusion. Id. at 214-15. In sum, even accepting arguendo Plaintiff's current contention that Financial Recovery's collection letter misleads because some language indicates that the debt is static and other language indicates that the debt is dynamic, Plaintiff has not demonstrated that any such consumer confusion is actionable under Section 1692e of the FDCPA.

Finally, Plaintiff argues that Taylor is distinguishable because she has brought a claim under Section 1692f of the FCPA, and no such claim was at issue in Taylor. (Jan. 23, 2018 Pltf. Ltr. (Dkt. No. 10) at 2) Section 1692f is "'a catchall provision prohibiting the use of any 'unfair or unconscionable means to collect or attempt to collect any debt.'" Maleh v. United Collection Bureau, Inc., 287 F. Supp. 3d 265, 273 (E.D.N.Y. Jan. 26, 2018) (quoting Rogers v. Capital One Services, LLC, 447 Fed. Appx. 246, 249 (2d Cir. 2011)). This provision includes a non-exclusive list of conduct that constitutes a violation of Section 1692f, none of which Plaintiff alleges took place here.[7] Plaintiff instead alleges that Defendant violated Section 1692f

---

[7] The misconduct listed in Section 1692f includes:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present

15

"by representing that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase." (Cmplt. (Dkt. No. 4) ¶ 69) In other words, Plaintiff claims that Defendant's collection letter violates Section 1692f for the same reason that Defendant's letter violates Section 1692e. But if Defendant's collection letter is not "misleading" within the meaning of Section 1692e, it is not "unfair" or "unconscionable" within the meaning of Section 1692f. See Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("Plaintiff does not allege any improper acts listed within Section 1692f. This alone, of course, is not fatal as § 1692f may provide a cause of action for conduct that is not specifically listed in that section or any other provision of FDCPA. However, Plaintiffs' Complaint is deficient in that it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." (citing Tsenses v. Trans-Cont'l Credit and Collection Corp., 892 F. Supp. 461, 466 (E.D.N.Y. 1995)); see also Lautman v. 2800 Coyle St. Owners Corp., No. 14 Civ. 1868 (ARR) (VVP), 2014 WL 4843947, at *12 (E.D.N.Y. Sept. 26, 2014) ("To the extent that plaintiff's claims under § 1692f rely on the same alleged litigation misconduct raised under § 1692e, those claims must be dismissed for the reasons stated above."); Fondacaro v. Solomon & Solomon, P.C., No. 17 Civ. 1053 (BKS) (DJS), 2018 WL 4054075, at *5 (N.D.N.Y. Aug. 24, 2018) ("To the extent that Plaintiff relies [for his § 1692f claim] on the

---

intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f.

same arguments advanced in support of his § 1692e claim, these arguments fail for the reasons discussed above." (citations omitted)).

Because Plaintiff alleges in the Complaint that her debt is static, Defendant's failure to state in its collection letter that the amount of the debt would not increase as the result of interest or other charges is not misleading, unfair, or unconscionable within the meaning of the FDCPA.

## CONCLUSION

Defendant Financial Recovery's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted. The Clerk of the Court is directed to terminate the motion (Dkt. No. 17) and to close this case.

Dated: New York, New York
March 28, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge